IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DIMITRI D. DEARS, #835808,       )
    Plaintiff,              )
                                 )
v.                               )    3:08-CV-1934-M
                                 )
LT. FREDERIC TUNAITIS, et al.,   )
    Defendants.             )

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Sanders Estes Unit in Venus, Texas. Defendants are Lt. Frederic Tunaitis, Sgt. Daniel Simpson, Correctional Officer Marlena S. Friddle, and Nurse Kerri S. Hocking.[1]

Before issuing process, the magistrate judge issued a questionnaires to Plaintiff, who filed his answers thereto on November 20, 2008.

Statement of Facts: Plaintiff filed this action complaining about a sub-roof fire at the

---

[1] The court has spelled Hocking's last name as set out in Defendant's motion to dismiss.

Venus Unit on December 17-19, 2007. He alleged that Defendants Tunaitis, Simpson and Friddle violated his constitutional rights when they refused to evacuate him and exposed him to excessive smoke in his housing unit. He also alleged that Defendant Hocking denied him medical attention "during an obvious emergency and medical distress." He requested compensatory and punitive damages. (Complaint at 4).

On January 6, 2009, Defendant Hocking filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff had failed to allege deliberate indifference to a serious medical condition, and to exhaust administrative remedies. Plaintiff has not responded to the motion to dismiss.

Findings and Conclusions: A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ___, 127 S.Ct. 1955 (2007)*,* the Supreme Court made clear that the *Conley* rule is not "the minimum standard of adequate pleading to govern a complaint's survival." 127 S.Ct. at 1968-69; *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1230 (2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

Since Plaintiff is proceeding *pro se,* the court must construe the allegations in his complaint liberally. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S. Ct. 173 (1980) (per curiam); *Sec. &*

*Exch. Comm'n v. AMX, Int'l, Inc.,* 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

In answer to the magistrate judge's questionnaire, Plaintiff concedes that Defendant Hocking was negligent in responding to his need for medical care during the events at issue. (*See* Plaintiff's response to Question 10). Relief is unavailable under § 1983 for claims grounded only in negligence. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986) (due process clause not implicated by state official's negligent act); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976) (inadvertent failure to provide adequate care or negligent treatment or diagnosis does not rise to a constitutional violation). To state a colorable claim for the denial of medical care under the Eighth Amendment, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). Even when liberally construed, Plaintiff's complaint fails to plead a deliberate indifference claim against Hocking.

Alternatively Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies, a mandatory requirement for an action challenging prison conditions. *See Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 2382-83 (2006); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Plaintiff failed to exhaust his claim against Defendant Hocking through the TDCJ's administrative grievance process prior to filing this action. Defendants correctly note that the

Step 1 and Step 2 grievances (filed in July and August 2008, and attached to the complaint and answer to the magistrate judge's questionnaire) raised only medical care claims against Registered Nurse Manuel Eguamin with respect to medical conditions that arose long after the December 2007 events at issue in this case. Neither grievance mentioned Defendant Hocking or her alleged denial of medical care. Thus, Plaintiff's claim against Hocking was never exhausted.[2]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants' motion to dismiss for failure to state a claim (Doc. # 10) be GRANTED, and that Defendant Kerri S. Hocking be DISMISSED with prejudice.

A copy of this recommendation will be transmitted to Plaintiff and Counsel for

---

[2] A § 1997e(a) dismissal would also be with prejudice because Plaintiff's failure to exhaust administrative remedies cannot, at this time, be cured. *See Johnson v. Louisiana ex rel. Louisiana Dept. of Public Safety and Corrections*, 468 F.3d 278, 281 (5th Cir. 2006) (per curiam) (affirming dismissal with prejudice because administrative remedies were now time barred); *Berry v. Kerik,* 366 F.3d 85, 86 (2d Cir. 2004) (same); *Underwood v. Wilson,* 151 F.3d 292, 292-93 (5th Cir. 1998) (same). The Texas prison system requires a step 1 grievance to be filed within 15 days of the complained of incident, which in this case was in December of 2007. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

4

Defendants.

Signed this 10th day of February, 2009.

        _/s/ Wm. F. Sanderson, Jr._
        WM. F. SANDERSON, JR.
        UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.