IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMITRI D. DEARS, #835808, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1934-M |
| | ) | |
| LT. FREDERIC TUNAITIS, et al., | ) | |
|     Defendants. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Sanders Estes Unit in Venus, Texas. Defendants are Lt. Frederic Tunaitis, Sgt. Daniel Simpson, Correctional Officer Marlena S. Friddle, and Nurse Kerri S. Hocking.[1]

Before issuing process, the magistrate judge issued a questionnaires to Plaintiff, who filed his answers thereto on November 20, 2008.

---

[1] The court previously granted Defendant Hocking's motion to dismiss. (*See* March 16, 2009 Order accepting findings, conclusions and recommendation of the magistrate judge).

Statement of Facts:  Plaintiff filed this action complaining about a sub-roof fire at the Venus Unit on December 17-19, 2007.  He alleged that Defendants Tunaitis, Simpson and Friddle violated his constitutional rights when they refused to evacuate him and exposed him to excessive smoke in his housing unit.  He requested compensatory and punitive damages.  (Complaint at 4).

On February 10, 2009, Defendants Tunaitis, Simpson and Friddle filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff had failed to exhaust administrative remedies.  Plaintiff has not responded to the motion to dismiss.

Findings and Conclusions:  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ___, 127 S.Ct. 1955, 1968-69 (2007).

Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies, a mandatory requirement for an action challenging prison conditions.  *See Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 2382-83 (2006); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Plaintiff failed to exhaust his claims against the Defendants through the TDCJ's administrative grievance process.  Defendants' motion correctly notes that the Step 1 and Step 2 grievances (filed in July and August 2008, and attached to the complaint and answer to the magistrate judge's questionnaire) raised only medical care claims against Registered Nurse Manuel Eguamin with respect to medical conditions that arose long after the December 2007

2

events at issue in this case.  Neither grievance mentioned the Defendants in question or their alleged refusal to evacuate Plaintiff in December 2007 despite his repeated complaints of difficulty in breathing.  Thus, Plaintiff's claims against Defendants Tunaitis, Simpson and Friddle were never exhausted.[2]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants' motion to dismiss for failure to state a claim (Doc. # 17) be GRANTED, and that Defendants Tunaitis, Simpson and Friddle be DISMISSED with prejudice.

A copy of this recommendation will be transmitted to Plaintiff and Counsel for Defendants.

Signed this 2nd day of April, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

---

[2] A § 1997e(a) dismissal should be with prejudice because Plaintiff's failure to exhaust administrative remedies cannot, at this time, be cured.  *See Johnson v. Louisiana ex rel. Louisiana Dept. of Public Safety and Corrections*, 468 F.3d 278, 281 (5th Cir. 2006) (per curiam) (affirming dismissal with prejudice because administrative remedies were now time barred); *Berry v. Kerik,* 366 F.3d 85, 86 (2d Cir. 2004) (same); *Underwood v. Wilson,* 151 F.3d 292, 292-93 (5th Cir. 1998) (same).  The Texas prison system requires a step 1 grievance to be filed within 15 days of the complained of incident, which in this case was in December of 2007.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

3

recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.